**No. 43544.**—Protests 831981–G, etc., of Argenti & Co., Inc., et al. (Baltimore etc.).

Opinion by KINCHELOE, J.  On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

**No. 43545.**—Protests 810652–G, etc., of S. M. Levy & Sons et al. (New York).

Opinion by KINCHELOE, J.  On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

**No. 43546.**—Protests 803911–G, etc., of Argenti & Co., Inc., et al. (Norfolk).

Opinion by KINCHELOE, J.  On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

**No. 43547.**—Protest 947522–G of Greenberg & Josefsberg (New York).

Opinion by DALLINGER, J.  It appeared that of the 57 cases covered by the invoices only 4 cases were designated for examination.  The protest was therefore sustained and the appraisement held null and void.  *United States* v. *Davis* (20 C. C. P. A. 305, T. D. 46087), *Freeman* v. *United States* (T. D. 48683), *Sprague, Warner & Co.* v. *United States* (T. D. 49193), and *United States* v. *Boston Paper Board Co.* (23 C. C. P. A. 372, T. D. 48233) cited.

**No. 43548.**—Protests 913884–G, etc., of Taylor Instrument Co. (Rochester).

Opinion by DALLINGER, J.  It was found that certain of the merchandise consists of aneroid barometers chiefly used in the home for utilitarian purposes, but the record failed to disclose that the articles are not composed of aluminum or of iron or steel enameled or glazed with vitreous glasses.  As to those items the protests were overruled.  Aneroid barometers chiefly used by surveyors were held dutiable as surveying instruments at 40 percent under paragraph 360.

**No. 43549.**—Protest 953705–G of Dan Brechner & Co. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) the paperweights and pencil holders in question, plated with silver, were held dutiable at 50 percent under paragraph 339 as claimed.