(C. D. 820)

H. KEMPNER *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 15, 1943)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*John J. McDermott* and *Joseph B. Brady*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

OLIVER, Presiding Judge: This protest is against the action of the collector of customs in assessing certain portable, folding shaving sets at 50 per centum ad valorem under paragraph 230 (b) of the Tariff Act of 1930 as glass mirrors. Plaintiff claims these articles to be properly dutiable at 40 per centum ad valorem under paragraph 339 as table, household, or kitchen utensils or, in the alternative, at 45 per centum ad valorem under paragraph 397 as articles in chief value of metal.

The merchandise in question is represented by three samples introduced in evidence at the hearing as exhibits 1, 2, and 3 and is particularly set forth on the invoice by case and item numbers as follows:

Exhibit 1 Cases K–51/501 to 510, inclusive, items No. 1442/10½.
Exhibit 2 Cases K–51/511 to 536, inclusive, items No. 1441A/14 PV 14, 51/1481/KBN/18, 14/29 BK/5/10 V, and 14/1457 SN.

Exhibit 3 Cases K–51/536 to 575, inclusive, items No. 3/29/2, 14/1569 K/13, 3/1466/17/12, 1469/K/15, 7/32 K/13 P, and 94/1469/13½.

While the various articles included in this protest vary in size, shape, and form, they are all folding shaving sets. They consist of either a round metal or metal-bound base ranging in diameter from 4 to 5 inches (exhibits 1 and 3) or oval base measuring approximately 7 by 8 inches (exhibit 2). On top of the base there is a receptacle holding an opaque glass bowl for soap. The set with the oval base has, in addition to the bowl, a metal holder which may have been designed to hold a shaving brush. Each of the sets has a hinged wire frame, which, in at least two of the samples, is removable. The wire frame is designed to hold the mirror and the entire wire assembly is designed so as to permit of the mirror being folded down to cover the bowl heretofore mentioned. The oval set (exhibit 2), in addition to the regular mirror, has on the reverse side a magnifying mirror. When folded the sets are compact, measuring from 2 to 2½ inches in height with the base determining the diameter of the article. In their folded condition they can be stowed away in a drawer or other receptacle when not in use.

Upon the trial plaintiff introduced the testimony of two witnesses. The Government offered no testimony. The uncontradicted testimony adduced by the plaintiff and the stipulated facts agreed upon between counsel established that the articles before the court are bought and sold as shaving sets without brushes, that they are in chief value of base metal and otherwise meet the specified requirements of the provision in paragraph 339 at 40 per centum ad valorem, and that they are chiefly used in the household by members of the family.

While not abandoning his claim under paragraph 397 for articles in chief value of base metal, plaintiff upon the trial and in his brief relies mainly upon the claim for classification under paragraph 339 as household utensils. The Government has filed no memorandum in support of the collector's classification.

This is not the first time that the dutiable status of folding shaving sets has been before our court. It is, however, so far as we can ascertain, the first instance where the issue was between the provision for mirrors and the provision for household utensils.

In *Baltimore & Ohio Railroad Co.* v. *United States* (30 Treas. Dec. 741, T. D. 36384), the merchandise was a shaving set consisting of "a nickel-plated metal stand holding a small round mirror, a china soap dish, and a shaving brush with a nickel-plated metal handle." These sets were classified as mirrors under paragraph 95 of the Tariff Act of 1913 and were claimed dutiable as articles in chief value of metal under paragraph 167 of the same act. It will be noted that unlike the present merchandise, the sets in the *Baltimore & Ohio Railroad Co.* case, *supra*, included brushes. The court held the sets there involved to have been improperly classified as mirrors, saying:

\* \* \* for the reason, as before stated, that the mirror is of no more utility than the other articles in the entirety, and does not predominate either in usefulness or value.

Folding, portable shaving sets apparently similar to those the subject of this litigation were again before our court in *Louis Greenberg & Son* v. *United States* (58 Treas. Dec. 431, T. D. 44326). In that case the merchandise was assessed for duty as mirrors under paragraph 230 of the Tariff Act of 1922 and was claimed to be properly dutiable under paragraph 399 of the same act covering "articles \* \* \* composed wholly or in chief value of \* \* \* metal \* \* \*." The court there sustained the collector's classification finding that:

The criterion for classification in all these mirror cases is whether or not the mirror is the predominant feature of the article.

The record discloses that in the shaving sets at bar the mirror is necessary for shaving, but in like manner the cup or bowl, which is a component part of the set to hold the soap, is also used in the shaving operation. There is nothing in the record before us to establish that the mirror is the predominant feature of the set. In our view, however, whether or not the mirror is the predominating feature of these sets is not controlling on the issue now before us. In neither of the above-cited cases, nor in any of the authorities cited by the court therein, did the issue involve the household-utensil provision in paragraph 339 of either the Tariff Act of 1922 or of 1930.

The household-utensil provision first appeared in the Tariff Act of 1922 (paragraph 339). Since that time it has been a source of considerable litigation and numerous decisions have been handed down by our court and the Court of Customs and Patent Appeals. Our appellate court has held it to be a use provision (*United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297), which under well-settled customs practice will prevail over a general classification or even an *eo nomine* designation in the absence of clear congressional intent to the contrary. (*United States* v. *Boker*, 6 Ct. Cust. Appls. 243, T. D. 35472; *Julius Forstmann & Co.* v. *United States*, 28 C. C. P. A. 222/227, C. A. D. 149.) Our appellate court has given a very broad interpretation as to what constitutes a household utensil. It may be generally stated that the term household utensil means an article used by members of the household either for their personal convenience and comfort or for the care and maintenance of the household. (*I. W. Rice & Co.* v. *United States*, 24 C. C. P. A. 114, T. D. 48415; *F. W. Woolworth Co.* v. *United States*, 26 id. 221, C. A. D. 20.) The personal use by one member of the family has been held to be sufficient to satisfy this phase of household use. (*Irving W. Rice Co.* v. *United States*, 73 Treas. Dec. 149, T. D. 49373.)

While the shaving sets before us are articles including a mirror, they are more than mirrors. We are of opinion that the *Greenberg*

case, *supra*, is not controlling in the case before us as the claim of the plaintiff therein was not predicated upon the household-utensil provision in paragraph 339 of the Tariff Act of 1922.

On the record before us we are bound by the decisions of our appellate court and as the evidence herein established that these shaving sets are articles used in the household by the various members thereof for their comfort and convenience, they are properly dutiable at 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930. The classification of the collector is overruled and the claim of the plaintiff is sustained.

In all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.