BEFORE THE SECOND DIVISION, SEPTEMBER 14, 1945

**No. 50486.**—Protest 111076–K of Jean R. Graef, Inc. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation that the merchandise consists of lithographically printed calendars similar in all material respects to those the subject of *United States* v. *Thorens, Inc.* (32 C. C. P. A. 137, C. A. D. 298), the protest was sustained as claimed.

**No. 50487.**—Protests 985530–G, etc., of Stephen Rug Mills (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protests were sustained as claimed.

**No. 50488.**—Protest 94919–K of Strauss-Eckardt Co., Inc. (New York).

Opinion by LAWRENCE, J. At the trial the record in *Kempner* v. *United States* (11 Cust. Ct. 173, C. D. 820) was incorporated herein. There, similar shaving sets were held properly dutiable at 40 percent under paragraph 339 rather than at 50 percent under paragraph 230 (b) as mirrors. Although no samples from the present importation were retained, the exhibits in the incorporated case were in evidence. Plaintiff's witness testified that the sets in question were similar to those in the incorporated case, the only difference being that some of the sets in the instant importation have upright stands whereas the merchandise in the incorporated case had folding stands. From an examination of the entire record the court was satisfied that the cited decision is controlling, particularly since it was not disputed that the instant sets are entireties. Following that authority, it was held that the involved sets are properly dutiable as claimed.

**No. 50489.**—Protests 748071–G, etc., of Steel Union, Inc. (Los Angeles).

Opinion by LAWRENCE, J. The protests were dismissed.