(C. D. 1051)

VACHERON & CONSTANTIN & ALLIED WATCHES, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided April 18, 1947)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before Tilson, Kincheloe, and Lawrence, Judges

Lawrence, Judge: This cause of action presents the question whether certain imported aneroid barometers are household utensils, as classified by the collector of customs, and as such dutiable at the rate of 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, or whether they are classifiable as machines and dutiable at 27½ per centum ad valorem under paragraph 372 of said act, as claimed by the plaintiff.

The pertinent provisions of said paragraphs read:

PAR. 339. * * * household * * * utensils * * * composed wholly or in chief value of copper * * * or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; * * *

PAR. 372. * * * machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem * * *

If the articles in controversy are both household utensils and machines, then the first provision above quoted is the more specific. *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816.

In that case, our appellate court had before it for tariff classification, among other things, certain electrically operated vacuum cleaners. The competing provisions were those in paragraph 339 of the Tariff Act of 1922 covering household utensils, and the general classification for machines, not specially provided for, in paragraph 372 of said act. Said provisions were literally the same as those above set forth from the act of 1930. After quoting at some length various dictionary definitions of the terms "utensil," "instrument," and "implement," and pointing out that those words may be and frequently are used interchangeably, the court said:

In the light of the foregoing considerations we are of opinion that the involved articles clearly come within the common meaning of the term "utensils."

adding:

> The second question requiring our consideration is whether the imported articles are *household* utensils. The answer to that question depends upon the use to which those articles are put. Are they used chiefly or principally in the household? If so, they are, in a tariff sense, household utensils. It is conceded by counsel for appellant that the electric vacuum cleaners are chiefly so used. * * * [Italics quoted.]

Accordingly, the court held that the vacuum cleaners were properly classified as household utensils.

A similar issue to that presented here arose in *Selsi Co., Inc.* v. *United States*, 15 Cust. Ct. 150, C. D. 962. Of the aneroid barometers there under consideration, we said:

> The nature or character of exhibit 1 is not disputed. It is a machine that automatically determines the weight or pressure of the atmosphere, and by a hand on the face of a dial indicates whether the air pressure is falling or rising. *United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271. But is it also a household utensil and dutiable accordingly, as classified by the collector, within the meaning of that term as judicially construed?

On the record there submitted we cited and followed the doctrine of chief use enunciated in the *Dow* case, *supra*, and said:

> We regard that decision as here controlling. The evidence herein conclusively establishes that the involved aneroid barometers are not chiefly or principally used in the household. They are, therefore, not properly dutiable under paragraph 339 of the Tariff Act of 1930 as household utensils, as classified by the collector. And since they do not appear to be more specifically provided for elsewhere than in paragraph 372 of said act, we hold them to be properly dutiable at the rate of 27½ per centum ad valorem under the latter paragraph as machines, not specially provided for, as alleged by the plaintiff. That claim is therefore sustained and the decision of the collector is reversed.

But the *Selsi* case, *supra*, cannot be followed here because of the facts mutually agreed upon between the parties hereto concerning the use of the present barometers. There is no disagreement regarding the other essential facts. The parties agree—

> That the merchandise described on the invoice as "100 Ados Standard Barometer metal table clocks with leather 8 days-dials pink finish—dials radium—Figs—radium Hands" consists of so-called "Barometer-Thermometer-Clocks," and that said described merchandise is chiefly used in the household.
> That each of the said Barometer-Thermometer-Clocks consists of a leather covered metal folding case approximately 5¾ inches wide and 4¼ inches high, containing a complete aneroid barometer, a complete thermometer, and a complete clock, separately mounted side by side in the order named, across the width of the folding case; and that said barometer, thermometer, and clock, perform their respective functions entirely independently of each other, notwithstanding that they are mounted in a single folding case.
> That the various articles comprising each Barometer-Thermometer-Clock, as imported, were classified by the Collector of Customs for tariff purposes, as separate entities, the said aneroid barometers, the subject of the above protest, being classified as household articles, and accordingly assessed for duty at 40% under Par. 339, Tariff Act of 1930.

That the internal mechanism of the said aneroid barometers is similar in all material respects and operates the same in all material respects as the internal mechanism in the aneroid barometers which were the subject of *United States* v. *L. Oppelman, Inc.*, 25 C. C. P. A. 168, T. D. 49271.

That the sole function performed by said aneroid barometers is to indicate prevailing atmospheric pressure, or weight of the air; that such information is for use as an aid in forecasting impending weather conditions; and that such a forecast cannot be made by the sole use of the aneroid barometer, but requires other instruments and/or information concerning wind velocity, wind direction, degree of humidity in the air, temperature out-of-doors, and the other factors necessary to forecast probable weather conditions.

That the record in said T. D. 49271 may be incorporated into the record of the above protest.

At the trial it was further stipulated, orally, that the barometers in question here are approximately 2¼ inches wide and 2½ inches in height.

Subsequently it was mutually agreed that the place of use and the sole function performed by the barometers in controversy were the same immediately prior to, at, and since the passage of the Tariff Act of 1930.

The plaintiff contends, however, that the present aneroid barometers, although concededly used in the home "to indicate prevailing atmospheric pressure, or weight of the air," are nevertheless not household utensils, since they are incapable in and of themselves of accurately forecasting impending weather conditions without the aid of other instruments giving information concerning wind velocity, wind direction, degree of humidity in the air, temperature out-of-doors, and other factors. This may well be; but does that circumstance make them any the less household utensils? We think not.

The function which the imported barometers perform is certainly utilitarian in character inasmuch as the observer is informed whether the atmospheric pressure is rising or falling, just as in the case of a thermometer one is similarly informed concerning the temperature. In passing, it may be noted that the correctness of the collector's classification as household utensils of the thermometers in the present shipment does not appear to be challenged, inasmuch as the protest is limited to "barometers." As a matter of fact, we have heretofore held thermometers to be household utensils (*Wagner Watrous, Inc.* v. *United States*, 1 Cust. Ct. 482, Abstract 39852). Such thermometers stand in the same category as do barometers in that they both furnish information which may prove helpful in guarding one's health and in adding to one's comfort even though they do not, in themselves, precisely forecast weather conditions. But we do not believe that the latter fact militates against the correctness of the collector's classification of the thermometers or barometers as household utensils, as that term has been judicially defined.

Plaintiff argues *in extenso* in its brief that the imported aneroid barometers should not be classified as household utensils contending that they "are not articles used in the maintenance and care of the home, nor are they articles used in the household by the members thereof for their convenience and comfort," citing *I. W. Rice & Co.* v. *United States*, 24 C. C. P. A. (Customs) 114, T. D. 48415, on atomizers; *Heemsoth & Basse* v. *United States*, 72 Treas. Dec. 385, T. D. 49191, on bird cages; and *H. Kempner* v. *United States*, 11 Cust. Ct. 173, C. D. 820, on shaving sets. In each of these cases the articles were held to be household utensils.

We do not consider such contention persuasive. Anyone who is familiar with the use of aneroid barometers in the home has observed the words "Rain," "Change," "Fair," or similar legends printed on the face of the dial. A reading of the legend to which the needle on the dial points indicates the type of weather to be anticipated and for which the members of a household may be prepared. To the extent that the barometer indicates fair or foul weather, or a change from one to the other, it contributes to the comfort and convenience of the members of the household.

While it may be true, as stated in the stipulation filed herein, that these aneroid barometers provide information for use as "an aid in forecasting impending weather conditions; and that such a forecast cannot be made by the sole use of the aneroid barometer, but requires other instruments * * * and the other factors necessary to forecast probable weather conditions," and while neither a barometer nor a thermometer in itself could furnish an accurate forecast, nevertheless, it cannot be denied that each of the named articles does impart certain desirable information concerning weather conditions, the usefulness of the data supplied by each differing only in degree. To that extent both contribute to the convenience and comfort of the members of the household.

Upon the facts established by this record, we adhere to the views expressed by us in *Taylor Instrument Co.* v. *United States*, 4 Cust. Ct. 451, Abstract 43548, wherein was involved the question of the tariff status of certain aneroid barometers upon which the collector had levied a duty of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as articles, not specially provided for, composed in chief value of metal. It was contended by the plaintiff, and it appears the claims were duly substantiated by proof, that the aneroid barometers were of two kinds, (1) those chiefly used in the home for a utilitarian purpose, and (2) those chiefly used by surveyors in the field. While holding said claims to be well-founded, the court was unable to sustain the particular claim for 40 per centum ad valorem

alleged under paragraph 339 as household utensils. Of the articles there before it, the court said:

That the aneroid barometers covered by the first two items on the invoice accompanying the entry covered by protest 913884–G are household utensils and as such classifiable under paragraph 339 of the Tariff Act of 1930. But since the record fails to disclose that said articles are not composed of aluminum or of iron or steel enameled or glazed with vitreous glasses, we are unable to state definitely that they are properly dutiable under said paragraph at the rate of 40 per centum ad valorem, as alleged by the plaintiff. That particular claim must therefore be overruled without affirming the decision of the collector.

It may be noted that whereas the aneroid barometers in the *Selsi* and *Taylor* cases, *supra*, as well as those in the present case, are characterized by the same motivating factors which bring them within the tariff category of machines (*United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271), the controlling rule applied to both cases was that of chief use. In the *Selsi* case, *supra*, the collector's classification of the articles as household utensils was not sustained because the proof showed that the particular aneroid barometers there involved were not chiefly used in the home. In the *Taylor* case, *supra*, it was conclusively established that the aneroid barometers there in controversy were chiefly used in the household; but the proof failed to show that the component metal of chief value therein was not aluminum, or iron or steel enameled or glazed with vitreous glasses. Household utensils so composed are specially provided for in said paragraph 339 at rates other than 40 per centum ad valorem. Because of such failure of proof, we were constrained to overrule the 40 per centum ad valorem claim alleged under the paragraph without affirming the decision of the collector.

We are satisfied from the record that the aneroid barometers here under consideration are chiefly used in the home for utilitarian purposes. The fact that they were classified by the collector under said paragraph 339 at the rate of 40 per centum ad valorem carries with it the undisputed presumption that the constituent metal therein is a base metal not plated with platinum, gold, or silver, or composed of iron or steel enameled or glazed with vitreous glasses, or in chief value of aluminum. In the circumstances, we experience no hesitancy in holding the present aneroid barometers to be properly dutiable at the rate of 40 per centum ad valorem under said paragraph as household utensils of the kind therein made dutiable at that rate, as classified by the collector. (*Frank P. Dow Co., Inc.* v. *United States*, *supra; I. W. Rice & Co.* v. *United States*, *supra*.)

This conclusion necessarily disposes of the claim for classification as machines, since it is clear that even though the articles be in fact machines, as defined in *United States* v. *L. Oppleman, Inc., supra*, the

"use" provision for household utensils, as hereinbefore stated, is the more specific. (*Frank P. Dow Co., Inc.* v. *United States, supra.*)

All claims of the plaintiff are therefore overruled and judgment will be entered accordingly.