**No. 59419.**—John L. Westland & Son, Inc. *v.* United States, protests 226532–K, etc. (Los Angeles).

RAO, Judge: Certain imported metal sink strainers, composed in chief value

of brass, plated with chrome, were classified by the collector of customs at the port of Los Angeles as manufactures of metal, not specially provided for, pursuant to the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and, accordingly, assessed with duty at the rate of 22½ per centum ad valorem. Ten importations of this merchandise are herein involved. In the protests filed in connection with each entry, all of which were consolidated for the purposes of trial, it is claimed that the said sink strainers are properly provided for within the terms of paragraph 339 of said act, as modified by said trade agreement, supplemented by Presidential proclamation, 83 Treas. Dec. 166, T. D. 51909, as table, kitchen, or household utensils, and are, therefore, dutiable at the rate of 15 per centum ad valorem.

The pertinent tariff provisions, as modified, *supra*, read as follows:

[PAR. 397.] Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*        \*        \*        \*        \*        \*        \*

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

    \*        \*        \*        \*        \*        \*        \*

    Other (except slide fasteners and parts thereof), 22½% ad val.

[PAR. 339.] Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for (except articles composed wholly or in chief value of tin or tin plate, electric flatirons, fly swatters, illuminating articles, and household food grinding or cutting utensils other than meat and food choppers), whether or not containing electrical heating elements as constituent parts thereof:

    \*        \*        \*        \*        \*        \*        \*

Not plated with platinum, gold, or silver and not specially provided for:

    \*        \*        \*        \*        \*        \*        \*

    Other:
        Composed wholly or in chief value of brass, 15% ad val.

At the trial, after an article representative of the imported merchandise was received in evidence as plaintiff's illustrative exhibit 1, the parties agreed upon the following facts:

The merchandise covered by these protests consists of sink strainers, and are represented by Illustrative Exhibit 1. They are composed of brass [plated with chrome], are not plated with gold, platinum or silver, and are chiefly used in the drains of household kitchen sinks by being placed in the open portion thereof and there serving as a strainer and/or as a stopper. When in use they can be readily removed by lifting them from the drain. Also, when in place in the drain they can be employed to stop water from draining from the sink by turning the movable portion of Illustrative Exhibit 1.

It is the contention of the plaintiff that the involved sink strainers are utensils, chiefly used in the household for utilitarian purposes. As they are readily removable; serve the dual function of strainers and stoppers; and merely control what goes into the drains of sinks, they are not fixtures, but are utensils of the kind provided for in paragraph 339, as modified, *supra*. Our attention is invited to the cases of *Dow* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816; *Weill* v. *United States*, 63 Treas. Dec. 1397, Abstract 23529; *Amico* v. *United States*, 63 Treas Dec. 1293, Abstract 23078; and *Meadows* v. *United States*, 28 Treas. Dec. 657, T. D. 35334, as authorities for this viewpoint.

Counsel for the Government urges that when a strainer, such as that here involved, is inserted into the drain pipe of a sink, it becomes a part of the sink, and as the sink is a fixture, so are its parts. . Citing the cases of *Fensterer & Ruhe et al.* v. *United States*, 5 Ct. Cust. Appls. 61, T. D. 34096; *U. Fujita & Co. et al.* v. *United States*, 26 C. C. P. A. (Customs) 63, T. D. 49611; and *Mayberg* v. *United States*, 65 Treas. Dec. 1333, Abstract 27187, counsel argues that the term "household utensils," as used in said paragraph 339, is not sufficiently comprehensive as to include fixtures and/or parts thereof.

It seems clear to us that the articles at bar, although in the very broad sense responding to the denomination "utensils," are not such as are provided for as "household utensils" within the purview of said paragraph 339. Those household utensils to which the provision in question refers are articles which possess an individual and independent usefulness as separate entities, whether or not permanently attached to the premises. On the other hand, articles which can not function independently, but become useful only when attached to other fixtures or devices, are not encompassed by the statutory provision for "household utensils." This is the rule implicit in the decision of our appellate court in the case of *Fensterer & Ruhe et al.* v. *United States, supra,* wherein the court stated, concerning gas burners designed to be connected to gas pipes:

Two things will be noted: First, that this article before being susceptible of use must be fixed to a gas pipe; secondly, it is not complete in itself and forms no utensil or implement adapted to use. It lacks the gas mantle, which is an essential requisite to its usefulness, and also lacks the globe which usually accompanies it and provision for which is made. The question is, Can this be said to be hollow ware of iron or steel similar to table, kitchen, and hospital utensils? We think not. It is a part of a fixed device not complete in itself and which, when completed, would not be used as an implement or utensil in the ordinary sense in which those words are employed, but would be more in the nature of a fixture or, as termed in the Government's brief, a device. There is no such resemblance to table, kitchen, or hospital utensils or hollow ware as to constitute it in a tariff sense similar hollow ware of iron or steel.

It is the rule expressly enunciated in the case of *U. Fujita & Co. et al.* v. *United States, supra,* involving certain metal door knockers, wherein the following was said:

In the case of *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816, this court, in holding that certain vacuum cleaners and electric floor polishers were dutiable as household utensils under paragraph 339 of the Tariff Act of 1922 (the predecessor of paragraph 339, *supra,* here under consideration), quoted definitions of the terms "utensil," "instrument," and "implement" from various lexicographers and observed that those terms might be and frequently were used interchangeably, and that the term "household utensils," as used in paragraph 339, *supra,* was intended by the Congress to be given a broad interpretation; that is, that it was intended to cover all household utensils, chiefly so used, not otherwise specially provided for. However, considering the context and the legislative history of paragraph 339, *supra,* and the dictionary definitions of the terms "utensil," "instrument," and "implement," we are unable to accept the view that it was the purpose of the Congress to include within that paragraph articles designed to be, and, when in use, are, permanently attached to houses as fixtures, and, as such, a part of the realty. 26 C. J. 651 *et seq.* §1 *et seq.*

The term "utensil" might be said to be sufficiently broad to include door knobs. However, door knobs are designed to be, and, when in use, are, permanently attached to doors. They are, therefore, fixtures, and, as such, a part of the house or realty. Many other necessary and useful articles, such as locks, bolts, hinges, etc., are of the same class.

Although the court in the *Fujita* case, *supra,* made several references to articles permanently attached to houses as fixtures, it is significant that it did not there appear of record, and the court so noted, whether the involved door knockers were permanently attached to doors, or only temporarily so affixed.

We also consider, as having an important bearing upon this inquiry, the fact that the paragraph upon which plaintiff herein relies contains no provision for parts. *Bolinders Co. (Inc.)* v. *United States*, 63 Treas. Dec. 399, T. D. 46221. If a part of a household utensil is, by virtue of the absence of such provision, excluded from the scope of paragraph 339, *supra, a fortiori,* an article which has no function except as a part, and then only when attached to a fixture, ought not to find classification within its provisions.

The instant strainers are without utility or function, except when inserted into the drains of sinks, concededly fixtures. There, they serve either to restrain unwanted particles from entering the drain pipes or to stop the water from flowing out of the sink. It is plainly evident that both of these functions are inextricably bound up with a physical connection of strainer and sink. Alone, and apart from the fixture, the strainer is without purpose and without use. We are of opinion that the provision for "household utensils" in said paragraph 339 was not designed to include articles of this type. Neither are we dissuaded from such conclusion by the authorities relied upon by plaintiff. These we have carefully studied, but find to be irrelevant.

Based upon the foregoing considerations, we hold that the instant sink strainers are not table, household, or kitchen utensils within the purview of paragraph 339 of the Tariff Act of 1930, as modified, *supra.* The claim in the protests to that effect is, therefore, overruled.

Judgment will be entered accordingly.