No. 61495.—Amerex Trading Corp. v. United States, protest 247882–K (New York).

FORD, Judge:   The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as manufactures of metal, not specially provided for, and levying duty thereon at the rate of 22½ percent ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.   Plaintiff claims said merchandise to be properly dutiable at the rate of 15 percent ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, supra, made effective by the President's proclamation, reported in 83 Treas. Dec. 166, T. D. 51909, as household utensils, not specially provided for, composed in chief value of brass, not plated with platinum, gold, or silver.

At the trial, a sample of the subject merchandise was admitted in evidence and marked exhibit 1–A, 1–B, 1–C, and 1–D.   A sample of a smaller, but similar article, was marked illustrative exhibit 2.   Exhibits A, B, and C, being photographs illustrating a similar unit in use in conjunction with a carving board, were also admitted in evidence.   There is also in evidence, as exhibit 3, a United States laboratory report as to whether or not the subject merchandise has a brass base.

Plaintiff's first witness testified that the subject merchandise is for a housewife to use in carving poultry or meat or anything she wants to carve.   This witness also stated how the involved merchandise is assembled for use and how it is used.   He also testified regarding its use; that "I saw it in Norfolk, Virginia, and I saw it in Tennessee, and I also believe in Georgia"; that he had taken one of these articles home and his wife had used the same; that he had never seen the subject merchandise used in a commercial establishment; that "I have seen it used in households, but I cannot say.   I have seen it used in households"; and that his knowledge with respect to the involved merchandise is limited entirely to the last 12 months.

Plaintiff's second witness testified that he had been connected with the plaintiff herein for about 6 months and, prior to that time, for a period of approximately 10 years, he was connected with the National Silver Co. as a salesman; that, during said period, he had occasion to travel and make sales of similar merchandise in the New England States as far as Canada; that he had seen such or similar merchandise used in homes; and that he had never seen it used in commercial establishments.

Plaintiff's third witness had approximately 8 years' experience as a salesman of household utensils.   He testified that he had seen merchandise similar to that here in question used in kitchens of households; that he had never seen such merchandise used in any other room of any other establishment; that he had never seen it used in a restaurant or hotel; that he had sold in the Midwest, Chicago, Illinois, Minnesota, Wisconsin, all of New York State, New England.

In his brief filed herein, counsel for the plaintiff makes the following statement:

There has been no element of conflict in the witnesses' testimony.   Each testified that he was familiar with the merchandise under protest; that he had sold it to a variety of houseware establishments and had seen it used in homes throughout most of the United States and had, in fact, used it himself in his own home. * * *

Combining the territory covered by plaintiff's three witnesses, we have only 13 states, out of 48, where these three witnesses had observed the use of the subject merchandise. There is no suggestion in the record before us that the territory in which the three witnesses saw the subject merchandise used was the principal territory or center in the United States in which this merchandise was bought and sold and used. In the absence of such testimony, we cannot accept as establishing the chief use of this merchandise the limited territory covered by the testimony of the three witnesses, hereinbefore set out.

In the case of *United States* v. *S. S. Perry*, 25 C. C. P. A. (Customs) 282, T. D. 49395, it was held that the testimony of one witness, covering only three states, was sufficient to establish the chief use of the chicken leg bands there in question. However, the testimony definitely limited the principal poultry center of the United States to the States of Washington, Oregon, and California. The present record contains no such testimony. In the absence of such testimony, we hold that the plaintiff has failed to establish that the chief use of the merchandise in question is in the household. It is, therefore, unnecessary for us to consider the contention of counsel for the defendant that this merchandise is a part of an article chiefly used in the household. Certainly, if the territorial limitation of the witnesses is not sufficient to establish the chief use of the merchandise *per se*, it is also not sufficient to establish that the merchandise is a part of an article chiefly used in the household.

For the reasons stated, all claims of the plaintiff are overruled.

Judgment will be rendered accordingly.