BEFORE THE SECOND DIVISION, AUGUST 7, 1959

No. 63289.—Davies Turner & Company *v.* United States, protest 329294–K (Philadelphia).

FORD, Judge: The merchandise covered by the protest under consideration was described on the invoice as "Water Mixers w/Strainer." This item is attached to separate hot and cold water faucets in order to permit the mixing of hot and cold water and to utilize one common outlet. It was assessed with duty at the rate of 21 per centum ad valorem under the provisions of paragraph 397

of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*        \*        \*        \*        \*        \*        \*

    Composed wholly or in chief value of \* \* \* brass, \* \* \* but not plated with platinum, gold, or silver, or colored with gold lacquer:

    \*        \*        \*        \*        \*        \*        \*

    Other, \* \* \* _____ 21% ad val.

It is contended by plaintiff that said mixers are properly dutiable at only 14 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, _supra_, which provides as follows:

Table, household, kitchen, and hospital utensils, \* \* \*, not specially provided for, \* \* \* :

    \*        \*        \*        \*        \*        \*        \*

    Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—
      Brass_____ 14% ad val.

Various other claims originally made in the protest were abandoned by counsel for plaintiff at the hearing of this matter, and it was stipulated by and between counsel for the respective parties that exhibit 1, a sample of the involved merchandise, was composed in chief value of brass, not plated with platinum, gold, or silver.

The testimony of three witnesses was adduced on behalf of plaintiff. The facts relating to the use of the involved water mixers do not appear to be in dispute. In substance, the witnesses testified that exhibit 1 is used to bring water from separate hot and cold water spigots into a common outlet; the item is adjustable so as to fit the spigots at various distances depending on the particular installation and are merely fitted over the ends of the faucets; the item is used primarily in old-fashioned kitchen or bathroom sinks in homes and prevents persons from scalding their hands.

Counsel for the plaintiff contends that the provision for household utensils in paragraph 339 of the Tariff Act of 1930, _supra_, is a broad and inclusive provision, entitled to an extended application, citing _H. Kempner_ v. _United States_, 11 Cust. Ct. 173, C.D. 820. The distinction between a household fixture and a household utensil has been considered on many occasions. See _Fensterer & Ruhe et al._ v. _United States_, 5 Ct. Cust. Appls. 61, T.D. 34096; _U. Fujita & Co. et al._ v. _United States_, 26 C.C.P.A. (Customs) 63, T.D. 49611; _Mayberg_ v. _United States_, 65 Treas. Dec. 1333, Abstract 27187; _John L. Westland & Son, Inc._ v. _United States_, 35 Cust. Ct. 292, Abstract 59419; _Camarge Trading Co._ v. _United States_, 40 Cust. 317, C.D. 2000.

In the _Westland_ and _Camarge_ cases, _supra_, this court had before it certain metal sink strainers, which were assessed and claimed under the same provisions as the water mixers involved herein. In the _Westland_ case, _supra_, this court considered the distinction between a fixture and a household utensil, reviewing the _Fensterer_ and _Fujita_ cases, _supra_, and, in its conclusion, made the following statements:

The instant strainers are without utility or function, except when inserted into the drains of sinks, concededly fixtures. There, they serve either to restrain unwanted particles from entering the drain pipes or to stop the water from flowing out of the sink. It is plainly evident that both of these functions are inextricably bound up with a physical connection of strainer and sink. Alone, and apart from the fixture, the strainer is without purpose and without use.

We are of opinion that the provision for "household utensils" in said paragraph 339 was not designed to include articles of this type. Neither are we dissuaded from such conclusion by the authorities relied upon by plaintiff. These we have carefully studied, but find to be irrelevant.

By the same taken, the involved water mixers have no use alone and apart from the water fixtures to which they must be physically attached in order to function. Plaintiff's analogy of the various electrical articles held to be household utensils, although they are required to be plugged into an electrical circuit, was presented to this court without success in the *Camarge* case, *supra*. This argument does not persuade us that such an article, as is involved herein, was contemplated by Congress to fall within the purview of the provisions of paragraph 339 of the Tariff Act of 1930, as modified, *supra*, as contended by plaintiff.

Based upon the foregoing considerations, we hold the involved water mixers are not table, household, nor kitchen utensils within the purview of paragraph 339 of the Tariff Act of 1930, as modified, *supra*. The protest is, therefore, overruled. Judgment will be rendered accordingly.