No. 63928.—Amerex Trading Corp. v. United States, protest 247882-K (New York).

FORD, Judge:   This suit is presently before us by virtue of an ORDER duly granted, setting aside the judgment and restoring this matter to the calendar,. *Amerex Trading Corp.* v. *United States,* 40 Cust. Ct. 488, Abstract 61686.

The court held, in its original decision, that certain meat holders, in chief value of brass, classified as manufactures of metal, not specially provided for, assessed with duty at the rate of 22½ per centum ad valorum under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and claimed to be properly dutiable at the rate of 15 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, *supra,* as made effective by the Presidential proclamation reported in 83 Treas. Dec. 166, T.D. 51909, as household utensils, not specially provided for. composed in chief value of brass, not plated with platinum, gold, or silver, were properly dutiable, as classified, since plaintiff had failed to establish chief use in adequate geographical portions of the United States. *Amerex Trading Corp.* v. *United States,* 40 Cust. Ct. 423, Abstract 61495.

The pertinent portions of the provisions involved herein are as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*          \*          \*          \*          \*          \*          \*

Composed wholly or in chief value of iron, steel, lead,; copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or.colored with gold lacquer:

\*          \*          \*          \*          \*          \*          \*

Other (except slide fasteners and parts thereof) __ 22½% ad val.,

Paragraph 339 of the Tariff Act of 1930, as modified, *supra*:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for,

\*          \*          \*          \*          \*          \*          \*

Other:

Composed wholly or in chief value of brass_____ 15% ad val.

At the trial, a sample of the involved merchandise was admitted in evidence and marked exhibits 1–A, 1–B, 1–C, and 1–D. A sample of a smaller but similar article was marked illustrative exhibit 2. Counsel for defendant offered and there were received in evidence, as exhibits A, B, and C, photographs illustrating a similar unit used in conjunction with a carving board. Exhibit 3, a report of the United States Customs Laboratory, was received in evidence. It was then stipulated by and between counsel for the respective parties that the merchandise at bar is not composed of iron or steel and is, in fact, in chief value of brass.

Three witnesses were called to testify on behalf of plaintiff herein. The experience of the witnesses with respect to the involved meat holders ran from 1 year to 10 years. The witnesses, in effect, testified that, in their experience, the involved articles were used in households and were never seen by them in use in commercial establishments. It was also the unanimous opinion of the witnesses that the imported article must be affixed to a board or table in order to be utilized. The experience of the witnesses, with respect to the chief use of the subject merchandise, covered 13 states, which was held to be insufficient to establish chief use, unless the territories to which the testimony related were the principal territories or centers in the United States. There being no testimony to this effect, the court overruled the protest.

Subsequent to the granting of the rehearing, counsel for the respective parties entered into a stipulation, the pertinent part being as follows:

The imported article involved herein is used chiefly in the home, provided, however, that nothing herein contained shall be construed or deemed to be a concession on the part of the Government, defendant, (a) that said article itself, in its imported condition, is a table, household, or kitchen utensil, within the purview of paragraph 339 of the Tariff Act of 1930, as modified by T.D. 51909; (b) that in its condition as imported it, itself, standing alone, is used within the home as a table, household, or kitchen utensil; or (c) that so standing it in and of itself serves any utilitarian purpose within the home.

Based upon the record heretofore made and the foregoing stipulation of fact, it is the position of plaintiff herein that the preponderance of uncontradicted evidence establishes that the imported merchandise is chiefly used in the home for utilitarian purposes and, being in chief value of brass, is properly dutiable at 15 per centum ad valorem under said paragraph 339, as modified, *supra.*

The defendant, in its "MEMORANDUM * * * AFTER REHEARING AND RESUBMISSION OF PROTEST," cites the cases of *Bolinders Co. (Inc.)* v. *United States,* 63 Treas. Dec. 399, T.D. 46221; and *United States* v. *J. E. Bernard & Company, Inc.,* 42 C.C.P.A. (Customs) 141, C.A.D. 586, in support of its position that the involved meat holders are parts of a household utensil. A part of an article has been held to be something necessary to the completion of the article and is an integral, constituent, or component part, without which the article to which it is to be joined could not function as such article, *United States* v. *Willoughby Camera Stores, Inc.,* 21 C.C.P.A. (Customs) 322, T.D. 46851.

The evidence adduced herein clearly establishes that the so-called carving board is and can be utilized without an article such as is under consideration herein. By the same token, the evidence also establishes that meat holders of the type under consideration are utilized without the use of a carving board. Hence, the involved meat holders are not parts of a carving board chiefly used in the household, nor are they parts of a household utensil, within the intendment of paragraph 339, *supra.* We are well aware of the fact that paragraph 339 does not contain a provision for parts and, consequently, if the articles were held to be parts, they would more properly be dutiable as classified.

The question of fixtures was considered in the cases of *Fensterer & Ruhe et al.* v. *United States,* 5 Ct. Cust. Appls. 61, T.D. 34096; *Frank P. Dow Co., Inc.* v. *United States,* 21 C.C.P.A. (Customs) 282, T.D. 46816; and *U. Fujita &*

*Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 63, T.D. 49611, which were cited by the court in the case of *John L. Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419, referred to by defendant in its brief.

The decision in the *Westland* case, *supra*, involved certain metal sink strainers which were classified and claimed under the same provisions as are involved herein. The court, in sustaining the classification of the collector, held that while the involved strainers may, in the very broad sense, respond to the denomination, utensils, they are not household utensils within the purview of paragraph 339, *supra*, as they are without utility or function, except when inserted into the drains of sinks which were concededly fixtures.

In all three of the above-cited cases, the apparent reasoning was based upon the fact that the articles were permanently affixed in the household and became part of the reality, citing 26 C.J. 651 *et seq.*, section 1, *et seq.* The distinguishing factor relative to the merchandise at bar is that the mere attachment of it to a table or board does not constitute the article as realty. On the contrary, said article remains personalty in the same manner as would a wall can opener, a meat grinder, a towel rack, a spice holder, or a myriad of household utensils of utility which must be permanently or temporarily attached before they can function for their intended purpose.

In view of the foregoing, we are of the opinion that the involved meat holders fall within the purview of "household utensils," as used in paragraph 339 of the Tariff Act of 1930, as modified, *supra*, and are properly dutiable at the rate of 15 per centum ad valorem, as claimed by plaintiff.

To the extent indicated, the specified claim in the above suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.