DAVIES, TURNER & COMPANY *v.* UNITED STATES (No. 5016) [1]

[1] C.A.D. 744.

United States Court of Customs and Patent Appeals, June 29, 1960

*Allerton deC. Tompkins* for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Alfred A. Taylor, Jr.* and *Richard H. Welsh*, trial attorney, of counsel), for the United States.

[Oral argument April 8, 1960, by Mr. Tompkins and Mr. Welsh]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this appeal is water mixers. The water mixers are designed to complement "old-fashioned" sinks, tubs and basins which have separate hot and cold water faucets, by providing inlet means which fit over, grip and seal, but do not become permanently attached to, the ends of the separate hot and cold water spigots and by further providing a single outlet for both the hot and cold water. The outlet has a strainer. The inlet arms of the water mixers may be spaced closer or farther apart depending upon the fixed spacing between the tub, sink or basin spigots.

The question is whether the imported water mixers (concededly in chief value of brass and neither plated with platinum, gold or silver, nor colored with gold lacquer) are properly classified as "Articles or wares not specially provided for, whether partly or wholly manufactured * * *" (paragraph 397 as modified by T.D. 54108), or as "Table, household, kitchen, and hospital utensils * * * not specially provided for * * *" (paragraph 339).

The Customs Court overruled the importer's protest and held that the goods had been properly classified under the provisions of paragraph 397 by the collector. It is from that judgment that appellant has appealed.

Relying heavily upon two of its own decisions, *Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, and *Camarge Trading Co.* v. *United States*, 40 Cust. Ct. 317, dealing with metal sink strainers, the court found that the "water mixers have no use alone and apart from the water fixtures to which they must be physically attached in order

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28, United States Code.

to function." The analogy to various electrical articles which have been held to be "household utensils" was not deemed persuasive that the imported mixers were intended by Congress to fall within the purview of paragraph 339.

Appellant argues, and the Government concedes, that the provision for household utensils is very broad and that it has been construed broadly. It is contended that the goods at bar are removable utensils, not fixtures, and should be classified with other removable utensils used with household fixtures, such as fire grates, oven trays and ice trays. Each party relies on the case of *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415 (1936), as controlling in its favor.

The Government states the truism that each case must be decided upon its own facts, and argues that in this particular case the mixers are not used in the maintenance and care of the home and are not used for the personal convenience and comfort of the members of the household and therefore are not household utensils. It is further argued that Congress did not intend the imported goods to fall within the provisions of paragraph 339.

The previous cases decided by this court, although having different factual situations, do set forth basic principles which are helpful in endeavoring to ascertain the congressional intent as to the meaning of paragraph 339. In *Frank P. Dow Co., Inc.* v. *United States*, 21 CCPA 282, T.D. 46816 (1933), wherein it was held in construing paragraph 339 of the act of 1922 that electric vacuum cleaners and electric floor polishers [3] were household utensils, this court stated, *inter alia:*

---

[3] Our decision in *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718, held electric floor polishers classifiable under the provisions of paragraph 353, "an entirely new provision [in the act of 1930]," rather than as "household utensils" under paragraph 339 of the act of 1930. However, the definitions relied upon by this court in the *Dow* case are as applicable to the act of 1930 as they were to the act of 1922.

> *Utensil, n.* Something that is used; a thing serving a useful purpose; formerly, a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as kitchen *utensils*. (Funk & Wagnalls' New Standard Dictionary.)
>
> *Utensil, n.* An instrument or implement: as, *utensils* of war; now, more especially, an instrument or vessel in common use in a kitchen, dairy, or the like, as distinguished from agricultural *implements* and mechanical *tools*. (Century Dictionary & Cyclopedia.)

The terms "instrument" and "implement" are defined as follows:

> *Instrument, n. 1.* A means by which work is done; an implement or tool, or producing an effect; tool; utensil; implement; as, a mechanic's *instruments;* astronomical *instruments*. (Webster's New International Dictionary.)
>
> *Implement, n. 1.* That which fulfills or supplies a want or use; esp., an instrument, tool, or utensil used by man to accomplish a given work; as, the *implements* of trade, of husbandry, or of war. (Webster's New International Dictionary.)
>
> *Instrument, n. 1.* A means by which work is done; an implement or tool, especially an implement or mechanism for scientific or professional purposes, as distinguished from a device, tool, or machine for industrial use; figuratively, any means of accomplishment; as, the hands are *instruments* of the will.
>
> *Implement, n. 1.* An instrument used in work, especially manual work; a tool or a utensil; as, the *implements* of husbandry; the *implements* of warfare. (Funk & Wagnalls' New Standard Dictionary.)

It will be observed from the foregoing definitions that the terms "utensil," "instrument," and "implement" may be, and frequently are, used interchangeably.

It having been conceded by counsel for the parties that the involved articles are machines, the first question to be determined is whether they, the question of commercial designation not having been raised, come within the common meaning of the term "utensil." We quote dictionary definitions of that term:

*Utensil, n.* An instrument or vessel, esp. one used in a kitchen or dairy. (Webster's New International Dictionary.)

This court in *I. W. Rice & Co.* v. *United States, supra,* in holding that atomizers used to spray the body with powder after a bath were household utensils within the purview of paragraph 339 of the act of 1930, had this to say about the word "household," it having been conceded by counsel that they were utensils:

\* \* \* the term "household utensils" must mean utensils used by the members of the household, either for their personal convenience and comfort, or for the care and maintenance of the household. We are of opinion, therefore, that the term "household utensils," as used in paragraph 339, *supra,* was intended to include not only utensils which are used in the maintenance and care of the home, but also those, not more specifically provided for, which are chiefly used in the household by the members thereof collectively for their convenience and comfort.

Had the Congress intended to limit the provisions in question to such articles as were designed to be and were chiefly used in the care and maintenance of the household, it would have been an easy matter for it to have made such intention clear.

The provision for "household utensils" must, in the absence of commercial designation, be construed in accordance with its common meaning.

We adhere to the views expressed in the case of *Frank P. Dow Co., Inc.* v. *United States, supra,* wherein we said that if the articles are utensils within the meaning of that term, as defined in the *Ellis Silver Co.* case, *supra,* and if they are chiefly used in the household, they are household utensils, and dutiable as such, *unless otherwise more specifically provided for.* [Emphasis ours.]

In *U. Fujita & Co. et al.* v. *United States,* 26 CCPA 63, T. D. 49611 (1938), which involved door knockers, the court, in holding that the items were not household utensils under the provisions of paragraph 339 of the act of 1930, stated:

The term "utensil" might be said to be sufficiently broad to include door knobs [sic]. However, door knobs [sic] are designed to be, and when in use, are, permanently attached to doors. They are, therefore, fixtures, and, as such, a part of the house or realty. Many other necessary and useful articles, such as locks, bolts, hinges, etc., are of the same class.

We do not wish to be understood as holding that the term "household utensils," as used in paragraph 339, *supra,* is limited to a class of articles which, when in use, may be moved from place to place in the household. There are articles of utility which, although attached to houses and used in the household only where attached, retain their status as personalty and are not to be regarded as a part of the realty. However, in the instant case, there is no evidence of record to establish that, when attached to doors, the involved articles do not become a part of the realty.

Unless there is some compelling reason to do otherwise, which we do not apprehend, this case should be decided by applying the

precedents which have been established by this court with reference to paragraph 339. In applying those principles to the facts in the case at bar we can only come to the conclusion that the water mixers are household utensils within the purview of paragraph 339. They come within the common meaning of "utensils" as set forth in the lexicons cited in the *Dow* case. The use of the merchandise comes within the definition of "household" as propounded in the *Rice* case. There is no evidence that water mixers become part of the realty when used; but quite to the contrary, they are made to be attached and detached with ease and without skill. For these reasons the decision of the Customs Court is *reversed*.