397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 20 per centum ad valorem.

Plaintiff claims that said articles are brass household utensils and that they should be classified as such in paragraph 339 of said act (19 U.S.C. § 1001, par. 339), as modified by said sixth protocol, *supra*, and dutiable at the rate of 13½ per centum ad valorem.

The facts are undisputed. The record discloses that the aerators in controversy are represented by exhibit 1 and are familiar gadgets in common use when attached to the spouts of faucets on kitchen, bathroom, or basement laundry sinks. They serve the purpose of straining impurities from water passing through them, as well as aerating the water and preventing its splashing. Said articles are not intended to be permanent fixtures but are easily attached and removed by hand without the use of instruments. As a matter of fact, such aerators are used interchangeably on different spigots in the home.

According to the testimony of Jacob Globe, a partner in the importing firm, the aerators in controversy are used only for the purposes above indicated. Globe's testimony was corroborated by the testimony of Mrs. Gertrude Cohn, who sells merchandise like exhibit 1 in her store, and had been familiar with the article and its uses for 27 years.

Upon the uncontradicted facts of record, the case is controlled by the decision of our appellate court in *Davies, Turner & Company* v. *United States*, 47 C.C.P.A. (Customs) 129, C.A.D. 744. The merchandise in that case is described in the opinion of the court as water mixers, which were "* * * designed to complement 'old-fashioned' sinks, tubs and basins which have separate hot and cold water faucets, by providing inlet means which fit over, grip and seal, but do not become permanently attached to, the ends of the separate hot and cold water spigots and by further providing a single outlet for both the hot and cold water. The outlet has a strainer. The inlet arms of the water mixers may be spaced closer or farther apart depending upon the fixed spacing between the tub, sink or basin spigots." The court was of the opinion that the articles came within the common meaning of the word "utensils" and also within the definition of the word "household" and, accordingly, held that said water mixers should properly be classified in paragraph 339, *supra*, as household utensils.

Applying the determining considerations of the *Davies* case to the articles here in controversy, we find from the record herein that the aerators in issue are articles of utility, chiefly used in the household, and when in use do not become part of the realty.

For the reasons above stated, the claim of plaintiff for classification of the instant aerators as household utensils, composed wholly or in chief value of brass, in paragraph 339 of the Tariff Act of 1930, as modified, *supra*, and assessment of duty at the rate of 13½ per centum ad valorem, is sustained.

Judgment will issue directing the collector of customs to reliquidate the entry accordingly.

No. 65883.—Raleigh Industries of America, Inc., et al. v. United States, protests 295186–KS, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 65884.**—Lang & Marshall Co., Inc. *v.* United States, protests 311919–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 65885.**—Republic Interocean Corp. *v.* United States, protest 60/21093 (New York).

Opinion by LAWRENCE, J. The protest was dismissed.

**No. 65886.**—Arthur J. Fritz and Japan Trade Center et al. *v.* United States, protests 59/23395, etc. (San Francisco).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 65887.**—John T. Bill & Co. et al. *v.* United States, protests 60/4431, etc. (Los Angeles).