BEFORE THE SECOND DIVISION, NOVEMBER 13, 1962

**No. 67184.**—Davies, Turner & Company *v.* United States, protests 318445–K and 58/7738 (Philadelphia).

LAWRENCE, Judge:   The above two protests were consolidated for trial. They relate to three types of sink or basin strainers, represented by plaintiff's exhibits 1, 2, and 3.

The importations were classified as articles in chief value of base metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was assessed thereon at the rate of 21 per centum ad valorem.

It is the claim of plaintiff that said articles should be classified as household or kitchen utensils in chief value of brass in paragraph 339 of said act (19 U.S.C. § 1001, par. 339), as modified by the sixth protocol, *supra*, and dutiable, accordingly, at 14 per centum ad valorem.

The applicable text of the statutes above referred to is here set forth.

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

> \*     \*     \*     \*     \*     \*     \*
>
> Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:
>
> > \*     \*     \*     \*     \*     \*     \*
> >
> > Not wholly or in chief value of tin or tin plate:
> > Carriages \* \* \*
> >
> > > \*     \*     \*     \*     \*     \*     \*
> > >
> > > Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum \* \* \*__ 21% ad val.

Paragraph 339 of said act, as modified, *supra:*

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

> \*     \*     \*     \*     \*     \*     \*

Not plated with platinum, gold, or silver, and not specially
provided for, composed wholly or in chief value of—
Brass _____ 14% ad val.

Adversary counsel have agreed that the subject merchandise is in chief value of brass, not plated with platinum, gold, or silver, and is "not enameled or plated with vitreous glasses."

There is uncontradicted testimony that the sink or basin strainers, represented by exhibits 1, 2, and 3, are used in kitchen or basement sinks to prevent certain particles from entering the drainpipe, and exhibit 1 is so constructed as to allow or prevent water from passing down the drain.

As the case is presented to us, on the record and the briefs of counsel, there appears to be no dispute that said articles are used commonly and chiefly in homes. The principal question in issue is whether the subject merchandise is, or is not, a part of the fixtures of a home, and, as such, part of the realty; or whether the articles are household or kitchen utensils in the tariff sense.

The Government, in its brief, contends that the collector's decision herein should be sustained upon the authority of *John L. Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419, and *Camarge Trading Co.* v. *United States*, 40 Cust. Ct. 317, C.D. 2000.

We have examined those decisions, including the exhibits which are in the files of the court, and find that the merchandise and the issues in said cases are substantially the same as in the case now before us. As a matter of fact, the Government, in its brief, states "* * * the evidence herein is on all fours with the evidence in the *Westland* and *Camarge* cases, *supra*."

We should regard the *Westland* and *Camarge* decisions as *stare decisis* and affirm the decision of the collector herein were we not confronted with superior authority which we deem controlling of our decision.

In *Davies, Turner & Company* v. *United States*, 43 Cust. Ct. 317, Abstract 63289, we held that so-called water mixers, which were designed to be attached to separate hot and cold water faucets in order to permit the mixing of hot and cold water so as to utilize one common outlet, were not within the tariff provision for household utensils, citing among others our decisions in *Westland* and *Camarge* as authority for our holding. On appeal, however, *Davies, Turner & Company* v. *United States*, 47 C.C.P.A. (Customs) 129, C.A.D. 744, the judgment of this court was reversed, our appellate court taking the position that—

The previous cases decided by this court, although having different factual situations, do set forth basic principles which are helpful in endeavoring to ascertain the congressional intent as to the meaning of paragraph 339. * * *

The court then referred to its decision in *Frank P. Dow Co., Inc.* v. *United States*, 21 C.C.P.A. (Customs) 282, T.D. 46816, wherein it was held that electric vacuum cleaners and electric floor polishers were household utensils; also, its decision in *I. W. Rice & Co.* v. *United States*, 24 C.C.P.A. (Customs) 114, T.D. 48415, wherein atomizers, used to spray the body with powder after a bath, were held to be household utensils.

The court also gave consideration to the case of *U. Fujita & Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 63, T.D. 49611, wherein certain door knockers were held to be "fixtures" and, as such, parts of the realty; hence, not household utensils within the meaning of paragraph 339.

In the course of its decision in the *Davies* case, *supra*, the appellate court made note of the fact that the court below was "relying heavily" on its decision in the *Westland* and *Camarge* cases, and concluded that the water mixers came within the common meaning of "utensils," as set forth in the *Dow* case,

and were within the definition of "household," as announced in the *Rice* case, and were, therefore, household utensils in a tariff sense.

Further, the court said that—

* * * There is no evidence that water mixers become part of the realty when used; but quite to the contrary, they are made to be attached and detached with ease and without skill. * * *

It is obvious that the appellate court rejected the reasoning underlying our decisions in *Westland* and *Camarge*, which is well expressed in the following quotation from the *Westland* case—

The instant strainers are without utility or function, except when inserted into the drains of sinks, concededly fixtures. There, they serve either to restrain unwanted particles from entering the drain pipes or to stop the water from flowing out of the sink. It is plainly evident that both of these functions are inextricably bound up with a physical connection of strainer and sink. Alone, and apart from the fixture, the strainer is without purpose and without use. We are of opinion that the provision for "household utensils" in said paragraph 339 was not designed to include articles of this type. * * *

In *Globe Importing Company* v. *United States*, 47 Cust. Ct. 248, Abstract 65882, certain brass aerators, which were designed to be attached to the spouts of faucets on kitchen, bathroom, or basement laundry sinks, for the purpose of straining impurities from water passing through them, as well as aerating the water and preventing its splashing, and which were not intended to be permanent fixtures, since they were easily attached and removed by hand, were classified by the collector as articles, not specially provided for, in chief value of metal in paragraph 397, as modified. We concluded, however, that the case was controlled by the decision of our appellate court in the *Davies* case, *supra*, wherein it was held that certain water mixers were properly classifiable as household utensils in paragraph 339 of the tariff act, as modified.

Although the *Davies* case involved a slightly different factual situation from that in the *Westland* and *Camarge* cases, the reasoning of our appellate court and its conclusion in the *Davies* case must be accepted as reversing, in effect, the *Westland* and *Camarge* judgments.

Upon the facts of record and upon the authority of the *Davies* decision, we hold that the subject merchandise herein should be classified as household or kitchen utensils in paragraph 339, *supra*, and subject to duty at the appropriate rate provided therein. Plaintiff's protest is sustained, and judgment will issue directing the collector to reliquidate the entries accordingly.