**GROSS PLUMBING & RUBBER CO.,**
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

**C.D. 2971; Protest No. 62/4311–90230.**

United States Customs Court,
Second Division.
April 17, 1967.

Tompkins & Tompkins, New York City (Allerton deC. Tompkins, New York City, of counsel), for plaintiff.

Barefoot Sanders, Asst. Atty. Gen. (Harvey A. Isaacs and Alfred A. Taylor, Jr., New York City, trial attorneys), for defendant.

Before RAO and FORD, Judges.

RAO, Chief Judge:

A shipment of aerators with stainless steel clamp straps, imported through the port of Philadelphia, was classified for customs duty purposes as articles not specially provided for, partly or wholly manufactured, composed in chief value of brass, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.Dec. 150, T.D. 54108, and subjected to duty at the rate of 19 per centum ad valorem.

Plaintiff herein relies on the claim in its protest that said articles should properly have been classified as brass household utensils within the purview of paragraph 339 of said act, as modified, supra, and duty imposed thereon at the rate of 12½ per centum ad valorem.

In addition to the foregoing customs duty assessment, an internal revenue tax pursuant to the provisions of section 4541(2) of the Internal Revenue Code, as modified by the sixth protocol, supra, was imposed but is not here controverted.

When this case was called for hearing, a motion made by plaintiff, not objected to by the Government, was granted whereby the record in the prior case of Globe Importing Company v. United States, 47 Cust.Ct. 248, Abstract 65882, was incorporated and made a part of the record herein. It was found in said Globe case that certain aerators which when attached to the spouts of faucets served to strain impurities from water passing through them, as well as aerating the water and preventing its splashing, were articles of utility, chiefly used in the household, and when in use did not become part of the realty. Accordingly, it was held that said articles were household utensils for customs duty purposes.

After a sample of the present importation, described on the invoice accompanying the entry herein as "Aerator with Stainless Steel Clamp Strap," was received in evidence as plaintiff's illustrative exhibit 1, the sole witness called to testify was Mrs. Helen Colleluori, assistant purchasing agent of the plaintiff company.

From the testimony of plaintiff's witness, it appears that the only difference between the imported articles and the merchandise which formed the subject of the Globe case, supra, was that the articles at bar consist of aerators and adaptors as combined articles for use on any faucet whereas the aerators in the Globe case could be used as imported only on faucets with male threads, but when combined with rubber adaptors, as represented by exhibit 2 there in evidence, could, as in the instant case, be used on any faucet.

Although the Government originally requested time to file a brief in this case, on further reflection it asked to be relieved from so doing, and conceded the validity of the plaintiff's claim pursuant to paragraph 339 of the tariff act, as modified, supra, in view of the record presented herein and the decision of this court in the incorporated case.

The aerators at bar having been shown to be similar in construction, function, and manner and place of use to the aerators which formed the subject of decision in the Globe case, supra, the rule of stare decisis applies. Accordingly, the court in the present case holds that the aerators at bar should properly have been classified as household utensils, composed in chief value of brass, within the purview of paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, supra, and assessed with duty

at the rate of 12½ per centum ad valorem, plus the uncontroverted copper tax pursuant to section 4541(2) of the Internal Revenue Code, as modified, supra. That claim in the protest is, therefore, sustained. All other claims are overruled.

Judgment will issue accordingly.

FORD, J., concurs.