BEFORE THE FIRST DIVISION, SEPTEMBER 20, 1956

**No. 60247.**—Crystal Craft, Inc. *v.* United States, protest 240772–K (New York).

OLIVER, Chief Judge: This protest is limited to the merchandise described on the invoice as "Miniature knife (your No. 8156–W)," which was assessed with duty at the rate of 65 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as articles, valued above 20 cents per dozen pieces, designed to be worn on

apparel or carried on or about or attached to the person. Plaintiff claims that the articles in question are penknives and that they are properly classifiable under the provisions of paragraph 354 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52820, which, so far as pertinent, read as follows:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 354 | Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, valued—<br>Not over 40 cents per dozen_____ | ⅝¢ each and 25% ad val. |

It was stipulated between counsel for the respective parties that the knife in question is under 1½ inches in length, that it is in chief value of metal, and that it is valued at over 20 cents per dozen pieces and under 40 cents per dozen pieces.

Plaintiff, an importer of "sundry novelties," which include 25 items of penknives in different sizes, introduced a sample (plaintiff's illustrative exhibit 1) and the oral testimony of the manager of its import department. The uncontradicted evidence establishes that the article in question is a penknife, approximately 1⅜ inches in length, equipped with a folding blade, 1 inch long, and having attached thereto a so-called "jump ring," which permits the knife to be readily attached to a key chain or other article for convenience in use. This penknife is used to "sharpen pencils, scrape out a pipe bowl, cut string, cut the end of a cigar" (R. 5).

That the penknife in question may be carried on or about the person, does not militate against its classification under paragraph 354, as amended, supra. The provisions thereof are most comprehensive, as they include all penknives which, like the articles in question, have a folding blade, and are valued at "Not over 40 cents per dozen."

On the basis of the record herein, we hold the penknives, represented by the invoice item, "Miniature knife (your No. 8156–W)," to be classifiable under paragraph 354, as amended, supra, and dutiable thereunder at the rate of five-eighths of 1 cent each and 25 per centum ad valorem, as claimed by plaintiff.

Although defendant requested time to file a brief, none was filed. In lieu thereof, counsel filed a "Notice," stating that "upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above-entitled case."

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.