BEFORE THE SECOND DIVISION, NOVEMBER 14, 1962

No. 67195.—M. Pressner & Co. et al. v. United States, protests 59/30752, etc. (New York).

LAWRENCE, Judge: Importations of miniature knives, flimsily constructed and inexpensive, contained in simple leather sheaths, covered by the protests enumerated in the schedule, attached to and made a part of this decision, were classified by the collector of customs as hunting knives in paragraph 355 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 355), as modified, at various rates of duty, depending upon the date of entry.

Plaintiffs claim that the articles are not hunting knives and should be classified as articles in chief value of metal in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified, and dutiable at the rate applicable at the date of entry.

It was stipulated by adversary counsel that the merchandise is composed wholly or in chief value of steel, not plated with platinum, gold, or silver, or colored with gold lacquer.

The items in controversy are represented by plaintiffs' exhibits 1, 2, 4, 5, and collective exhibit 3.

Upon motion by plaintiffs, the record in the case of *M. Pressner & Co.* v. *United States*, 44 Cust. Ct. 10, C.D. 2145, was incorporated herein. Exhibit 1 in said case is similar in material respects to the exhibits in the present case. While some of the knives in the instant case have handles covered with wood, others are covered with different materials.

Plaintiffs introduced the testimony of three witnesses, all of whom were acquainted with the character, quality, and uses of the subject merchandise. They established to our satisfaction that the articles in controversy could not be used as hunting knives and that they differ in no material respects from

exhibit 1 in the *Pressner* case, wherein the classification as hunting knives was overruled and the claim for classification as articles, not specially provided for, composed wholly or in chief value of base metal, was sustained.

Upon the combined records, we find and hold that the items in controversy are not hunting knives within the meaning of that term, as used in paragraph 355, *supra*, and sustain the claim of plaintiffs that the merchandise should be classified as articles wholly or in chief value of steel, not specially provided for, in paragraph 397, as modified, and subjected to the rate of duty applicable, depending upon the date of entry. Our decision in the *Pressner* case followed.

Judgment will issue accordingly.