BEFORE THE SECOND DIVISION, DECEMBER 1, 1965

No. 69651.—Davies, Turner & Company *v.* United States, protests 318445–K and 58/7738 (Philadelphia).

FORD, Judge: This case is before the court by reason of an order granting defendant's motion for a rehearing. *Davies, Turner & Company* v. *United States,* 50 Cust. Ct. 169, Abstract 67315.

The articles in question are described on the invoices as "CP Brass Duo Insert with Rubber Stopper" and "KACHALL STRAINERS." Said sink strainers were classified by the collector of customs as articles or wares, not specially provided for, wholly or partly manufactured, composed in chief value of base metal, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. They were assessed with duty at the rate of 21 per centum ad valorem.

Plaintiff claims that the merchandise in question is properly classifiable as household utensils, not specially provided for, in chief value of brass, within paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra,* and dutiable at the rate of 14 per centum ad valorem.

The relevant statutory provisions are as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*          \*          \*          \*          \*          \*          \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*          \*          \*          \*          \*          \*          \*

Not wholly or in chief value of tin or tin plate :
      Carriages, drays * * *.

  *          *          *          *          *          *          *

      Other * * *_____ 21% ad val.

Paragraph 339 of said act, as modified by the sixth protocol, *supra:*

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not
  specially provided for, whether or not containing electrical heating elements
  as constituent parts :

  *          *          *          *          *          *          *

      Not plated with platinum, gold, or silver, and not specially provided for,
        composed wholly or in chief value of—
          Brass_____ 14% ad val.

A previous trial of the issue was had which resulted in a judgment in favor
of the plaintiff. *Davies, Turner & Company* v. *United States*, 49 Cust. Ct. 296,
Abstract 67184. At that trial, there were received in evidence as plaintiff's
exhibits 1, 2, and 3 sink strainers of a progressively smaller size from 3¼ to 1⅛
inches in overall diameter, representative of the merchandise in controversy.
Exhibit 1, in addition, combined a rubber stopper with a strainer. Defendant
offered in evidence three exhibits, which were received in evidence as exhibits A,
B, and C. Defendant's exhibits A and B were, respectively, the cards to which
exhibits 2 and 3 were attached when offered for sale. Defendant's exhibit C
was a book of Federal specifications, WW–P–541b, entitled "Plumbing Fixtures,
Land Use."

It was agreed upon by the parties that the items of merchandise in question
are composed in chief value of brass and that they are not plated with platinum,
gold, or silver and are not enameled or glazed with vitreous glasses.

At the first proceeding, two witnesses testified on behalf of plaintiff, Stanley
Gross of the Gross Plumbing & Rubber Co., Inc., and Mrs. Gertrude Cohn of
Mike's Hardware. Their testimony was that the sink strainers in question were
commonly and chiefly used in the home. Both witnesses testified that the
strainers in question served to prevent solid particles from entering the drain-
pipe and, in the case of exhibit 1, also to prevent water from leaving the sink.

At the rehearing, counsel for the defendant called two witnesses, Walter F.
Schlotman, product analyst with the research department of American Radiator
and Standard Sanitary Corp., and Harry Friedman, president of the Ideal Tubu-
lar Corp.

Schlotman was familiar with exhibit 1, had seen exhibit 2 once or twice, and
had never seen exhibit 3. He stated that these items served to prevent waste
particles from entering the drain and also, in the case of exhibit 1, to keep
water in the sink. Schlotman testified that his firm sells similar strainers to-
gether with a body and fastening mechanism as a unit and that they are also sold
as replacement units. He admitted that a sink could be used with a strainer
such as that represented by exhibit 1 and that the strainer may be removed at
will.

Friedman testified that he was familiar with exhibit 1, although his firm's
products differ in composition and size of holes. He indicated that he was also
familiar with the use of exhibits 2 and 3. He stated that exhibit 1 was used in
homes, restaurants, hospitals, and other institutions as part of the drainage
system. Friedman's testimony as to the purpose and manner of use of the sink
strainers was substantially the same as that of Witness Schlotman.

Counsel for plaintiff called one witness at the rehearing, Jacob Globe, a
partner in the Globe Importing Co. Globe indicated that his firm imported
plumbing equipment including the three items represented by exhibits 1, 2, and

3. He stated that these strainers were great conveniences, though not essential to the use of a sink. He testified that strainers of the type of exhibit 1 were never used in restaurants.

Although reference was made by some of the witnesses to use of sink strainers by hotels, hospitals, and other institutions, as well as in the household, it appears also that sink strainers used other than in the household were composed of stainless steel rather than of brass as are the imported articles and that they differ in size.

We are of the opinion that the additional testimony offered at the rehearing of this case adds rather than detracts from the view expressed by us in the prior decision herein—

As the case is presented to us, on the record and the briefs of counsel, there appears to be no dispute that said articles are used commonly and chiefly in homes. The principal question in issue is whether the subject merchandise is, or is not, a part of the fixtures of a home, and, as such, part of the realty; or whether the articles are household or kitchen utensils in the tariff sense.

Towards the conclusion of the opinion in the previous decision, after the initial trial, this court indicated that it was influenced by the holding in *Davies, Turner & Company* v. *United States*, 47 CCPA 129, C.A.D. 744, to find that the articles here in issue were household utensils. The strainers came squarely within the definition given in that case. Namely, they were "utensils" within the common meaning set forth in *Frank P. Dow Co., Inc.* v. *United States*, 21 CCPA 282, T.D. 46816, were used in the household, as defined in *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415, and were not part of the realty, as explained in *U. Fujita & Co. et al.* v. *United States*, 26 CCPA 63, T.D. 49611.

In the *Dow* case, *supra*, the court construed paragraph 339 of the Tariff Act of 1922 as including electric vacuum cleaners and electric floor polishers within the term "household utensil." As a definition of the word "utensil," the court referred to—

*Utensil, n.* An instrument or vessel, esp. one used in a kitchen or dairy. (Webster's New International Dictionary.)

*Utensil, n.* Something that is used; a thing serving a useful purpose; formerly, a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as kitchen *utensils*. (Funk & Wagnalls New Standard Dictionary.)

*Utensil, n.* An instrument or implement: as, *utensils* of war; now, more especially, an instrument or vessel in common use in a kitchen, dairy, or the like, as distinguished from agricultural *implements* and mechanical *tools*. (Century Dictionary & Cyclopedia.) [Italics quoted.]

In the *Rice* case, *supra*, atomizers, used to spray the body with powder after a bath, were found to be household utensils within the purview of paragraph 339 of the Tariff Act of 1930. The court there stated—

* * * the term "household utensils" must mean utensils used by the members of the household, either for their personal convenience and comfort, or for the care and maintenance of the household. * * *

In the *Fujita* case, *supra*, the court found that door knockers were not household utensils within the meaning of paragraph 339 of the Tariff Act of 1930 and stated, in the course of its opinion—

The term "utensil" might be said to be sufficiently broad to include door knobs [door knockers]. However, door knobs [door knockers] are designed to be, and, when in use, are, permanently attached to doors. They are, therefore, fixtures, and, as such, a part of the house or realty. * * *

In its original decision herein, this court presumed that the holding in the *Davies, Turner* case, *supra*, drawing upon the definitions in the *Dow, Rice,* and *Fujita* cases, *supra*, signaled a rejection of the reasoning in *John L. Westland*

& *Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419, and *Camarge Trading Co.* v. *United States*, 40 Cust. Ct. 317, C.D. 2000. In the latter two cases, we had decided that sink strainers were not household utensils, primarily, because they lacked individual and independent usefulness as unattached entities. This no longer is the determining factor. Since the *Davies* case, *supra*, we have found brass aerators to be household utensils in *Globe Importing Company* v. *United States*, 47 Cust. Ct. 248, Abstract 65882. We have also found that garden hose nozzles were household utensils in *Lipman's* v. *United States*, 52 Cust. Ct. 98, C.D. 2444, affirmed in *United States* v. *Lipman's*, 52 CCPA 59, C.A.D. 859.

The stated object of counsel for the defendant, at the rehearing, was to adduce evidence showing that the sink strainers in question were parts of the realty. It is the opinion of this court that the testimony fails to prove this point and provides no ground for any revision of our original opinion. This conclusion is inescapable when we review the definition of household utensils given in *Davies, Turner, supra*. The fact that the sink strainers here in issue function only when inserted in sinks does not preclude them from being household utensils. In addition, the fact that the strainers have a beneficial effect on the drainage system does not prevent them from coming squarely within the meaning of household utensils, as interpreted by the Court of Customs and Patent Appeals in the *Davies, Turner* case, *supra*.

A preponderance of the evidence indicates that the sink strainers in question are constructed and installed so as to be easily removable and that they are removed frequently in the course of their use. We are also convinced that sinks can function without sink strainers, although the likelihood of the drain-pipe being blocked will increase somewhat. These facts are decisive as to the question of whether sink strainers are parts of the realty. As was stated in the *Davies, Turner* case, *supra*—

* * * There is no evidence that water mixers become part of the realty when used; but quite to the contrary, they are made to be attached and detached with ease and without skill. * * *

The quoted language is equally applicable and carries the same force and effect when applied to the sink strainers in controversy. Consequently, we must again find that the authority of the *Davies, Turner* case, *supra*, is controlling of the instant controversy.

Accordingly, we hold that the sink strainers in issue are properly classifiable as household utensils, not specially provided for, composed in chief value of brass, in paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, and are subject to duty at the rate of 14 per centum ad valorem. That claim in the protest will, therefore, be sustained.

Judgment will be entered accordingly.