**No. P67/268.**—Irving W. Rice Co., Inc. *v.* United States, protests 66/45869 and 66/47669 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of finished glass atomizer bases and that the merchandise in its imported condition possesses no independent function and is solely used when attached to and assembled with other substantial components thereby comprising a complete atomizer and following the principles set forth in *William Adams, Inc.* v. *United States* (56 Cust. Ct. 429, C.D. 2670), the claim of the plaintiff was sustained.

**No. P67/269.**—James Betesh Import Co. *v.* United States, protest 60/24233 (New York).

**No. P67/270.**—Charles Sadek Import Co., Inc. *v.* United States, protest 61/23890 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of plaques similar in all material respects to those the subject of *Arnart Imports, Inc.* v. *United States* (54 Cust. Ct. 187, C.D. 2531), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, AUGUST 10, 1967

**No. P67/271.**—Novelty Import Co., Inc. *v.* United States, protest 65/14557 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of miniature pocketknives similar in all material respects to those the subject of *Paul E. Sernau, Inc.* v. *United States* (46 Cust. Ct. 514, Abstract 65737), the claim of the plaintiff was sustained.