BEFORE THE SECOND DIVISION, NOVEMBER 8, 1967

**No. P67/393.**—Mego Corp. *v.* United States, protest 66/72707 (New York).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of hose nozzles similar in all material respects to those the subject of *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859), except that the component material of chief value of the merchandise herein is steel, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 13, 1967

**No. P67/394.**—Radio Wire Television, Inc. *v.* United States, protests 58/1036, etc. (New York).
**No. P67/395.**—Henry A. Wess, Inc. *v.* United States, protest 61/4570 (Cleveland).
**No. P67/396.**—Nakashima Overseas Corp. et al. *v.* United States, protests 63/1175, etc. (Los Angeles).
**No. P67/397.**—Eldon Industries, Inc. *v.* United States, protests 63/6069, etc. (Los Angeles).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of motors similar in all material respects to those the subject of *James G. Wiley Co.*, *a/c Ungar Electric Tools, Inc.* v. *United States* (49 Cust. Ct. 199, Abstract 66961), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 13, 1967

**No. P67/398.**—Traveler Trading Co. *v.* United States, protests 59/31235, etc. (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of miniature knives similar in all material respects to those the subject of *Paul E. Sernau, Inc.* v. *United States* (46 Cust. Ct. 514, Abstract 65737), the claim of the plaintiff was sustained.