BEFORE THE SECOND DIVISION, JANUARY 23, 1968

**No. P68/16.**—The Durst Mfg. Co., Inc., et al. *v.* United States, protests 64/22259, etc. (New York).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of strainers in chief value of brass similar in all material respects to those the subject of *Davies Turner & Company* v. *United States* (55 Cust. Ct. 488, Abstract 69651), the claim of the plaintiffs was sustained.

**No. P68/17.**—Holly Sugar Corporation *v.* United States, protest 65/20373 (San Francisco).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest, described in schedule "A," attached to the decision, as "Weibull Blender and Conditioner (industrial machinery for use in the manufacture of sugar, and parts thereof)" is the same in all material respects as those the subject of *Union Sugar Div. Consolidated Foods Corp.* v. *United States* (55 Cust. Ct. 113, C.D. 2559), affirmed, *United States* v. *Union Sugar Div., Consolidated Foods Corp.* (54 CCPA 1, C.A.D. 892), the claim of the plaintiff was sustained.

**No. P68/18.**—Intercontinental Fibres, Inc. *v.* United States, protest 65/7333 (New York).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of nylon monofilament yarn similar in all material respects to those the subject of *Chester Tricot Mills, Inc.* v. *United States* (56 Cust. Ct. 532, C.D. 2695), the claim of the plaintiff was sustained.