**No. P68/130.**—Lafayette Brass Mfg. Co., Inc., et al. *v.* United States, protests 63/20984, etc. (New York).

RAO, C.J. In accordance with stipulation of counsel that the items of merchandise marked "B" or "C" covered by the foregoing protests consist of hose nozzles in chief value of brass or zinc and that said items consist either of hose nozzles that are the same in all material respects as those the subject of *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859) or they consist of sprays, connections, couplings, adaptors, or shutoffs, each item being screwed on to the end of a garden hose in the same manner that the aforementioned nozzles are attached to a garden hose, the claim of the plaintiffs was sustained.

**No. P68/131.**—Kinsho Mataichi Corp. *v.* United States, protests 64/22174, etc. (New York).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of electrical tape, composed wholly or in chief value of vinyl material, similar in all material respects to that the subject of *Devon Tape Corp.* v. *United States* (57 Cust. Ct. 507, C.D. 2856), the claim of the plaintiff was sustained.

**No. P68/132.**—Gross Plumbing & Rubber Company et al. *v.* United States, protests 59/25798, etc. (Philadelphia).

**No. P68/133.**—Globe Importing Co. *v.* United States, protests 63/13010, etc. (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of strainers in chief value of brass similar in all material respects to those the subject of *Davies, Turner & Company* v. *United States* (55 Cust. Ct. 488, Abstract 69651), the claim of the plaintiffs was sustained.