**No. P68/162.**—Novelty Import Co., Inc. *v.* United States, protest 66/73207 (New York).

BECKWORTH, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of miniature pocketknives similar in all material respects to those the subject of *Paul E. Sernau, Inc.* v. *United States* (46 Cust. Ct. 514, Abstract 65737), the claim of the plaintiff was sustained.

**No. P68/163.**—Durst Industries, Inc. *v.* United States, protests 65/15439, etc. (New York).

BECKWORTH, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of hose nozzles and other garden hose accessories in chief value of zinc; that said items consist either of hose nozzles the same in all material respects, except composition, as those the subject of *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859), or they consist of connections or attachments, each item being attached to the end of a garden hose in the same manner that the aforementioned nozzles are attached to a garden hose, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 20, 1968

**No. P68/164.**—Fabius & Co., Inc., and The Daher Co., Inc. *v.* United States, protests 61/21767 and 64/17938 (New York).

RAO, C.J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of containers of tinplate, not plated with platinum, gold, or silver, and not containing electrical heating elements, similar in all material respects to those the subject of *Fabius & Co., Inc.*, and *Daher Company, Inc.* v. *United States* (55 Cust. Ct. 305, C.D. 2595), the claim of the plaintiffs was sustained.