**No. P68/214.**—Novelty Import Co., Inc., et al. *v.* United States, protests 67/7415, etc. (New York).

RICHARDSON, J.   In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of so-called "miniature hunting knives" similar in all material respects to those the subject of *M. Pressner & Co.* v. *United States* (56 Cust. Ct. 489, C.D. 2686), and that the items of merchandise marked "B" covered by the foregoing protests consist of miniature pocketknives similar in all material respects to those the subject of *Paul E. Sernau, Inc.* v. *United States* (46 Cust. Ct. 514, Abstract 65737), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, APRIL 23, 1968

**No. P68/215.**—Torch Mfg. Co., Inc. *v.* United States, protests 64/15281 (B), etc. (Los Angeles).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of batteries, classified as entireties with flashlights, similar in all material respects to those the subject of *Torch Mfg. Co., Inc.* v. *United States* (57 Cust. Ct. 521, C.D 2863), wherein the court held that the flashlights and batteries were separate entities rather than an entirety and were separately dutiable, the claim of the plaintiff was sustained.

**No. P68/216.**—Paul Munk & Co., Inc. *v.* United States, protest 66/21056 (New York)

BECKWORTH, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of brass sink strainers similar in all material respects to those the subject of *Davies, Turner & Company* v. *United States* (55 Cust. Ct. 488, Abstract 69651), the claim of the plaintiff was sustained.