**No. P68/500.**—National Silver Co. v. United States, protest 67/18569 (Los Angeles).

Ford, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of batteries, classified as entireties with flashlights, similar in all material respects to those the subject of *Torch Mfg. Co., Inc.* v. *United States* (57 Cust. Ct. 521, C.D. 2863), wherein said batteries were held to be separately dutiable, and that no separate value for each of said items had been returned by the appraiser, the protest was dismissed and the matter remanded to a single judge to determine the separate value of the flashlights and batteries in the manner provided by law. (28 U.S.C. § 2636(d).)

BEFORE THE FIRST DIVISION, DECEMBER 3, 1968

**No. P68/501.**—United China & Glass Co. v. United States, protests 65/3556, etc. (Portland, Oreg.).

Maletz, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of bobbing head figures similar in all material respects to those the subject of *Wilson's Customs Clearance, Inc.* v. *United States* (59 Cust. Ct. 36, C.D. 3061), and that said merchandise is wholly or in chief value of papier mache, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 3, 1968

**No. P68/502.**—Hancock Gross, Inc. v. United States, protest 67/8510 (Philadelphia).

Rao, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of sink strainers in chief value of brass similar in all material respects to those the subject of *Davies, Turner & Company* v. *United States* (55 Cust. Ct. 488, Abstract 69651), the claim of the plaintiff was sustained.