(C.D. 3739)

LIPMAN'S *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 13, 1969)

*Siegel, Mandell & Davidson* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: The protests enumerated in schedules "A" and "B", attached hereto and made a part hereof, have been submitted for decision on a written stipulation between counsel for the respective parties, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked LG (Import Spec's Initials) by Import Specialist Louis Golmitz (Import Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 19 or 17 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930, as modified by T.D. 54108, consist of sink strainers,

similar in all material respects to the merchandise the subject of *Davies, Turner & Co.* v. *United States*, 55 Cust. Ct. 488, Abstract 69651, wherein the merchandise was held dutiable under paragraph 339 of said Act at 14 per centum ad valorem which rate has been further reduced to 12½ per centum ad valorem.

That the items marked "B", and checked LG (Import Spec's Initials) by Import Specialist Louis Golmitz (Import Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 19 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930, as modified, consist of "Duo Basket" strainers, consisting of a strainer-stopper and base, similar in all material respects to the merchandise the subject of *Hancock Gross Mfg., Inc.* v. *United States*, C.D. 3459, wherein said strainer-stoppers were held to be separately dutiable.

That the appraisement of the contested strainer-stoppers (items marked "B") was predicated on the basis that the strainer-stoppers and base constituted an entirety, no separate value for each having been returned by the classifying officer.

That the records in Abstract 69651 and C.D. 3459 be incorporated and made a part of the record in the protests enumerated on the schedule attached hereto and made a part hereof, and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letters "A", and "B", as aforesaid.

Accepting the foregoing stipulation as an agreed statement of fact, we hold that:

(1) In accordance with the cited decision in *Davies, Turner & Company* v. *United States*, 55 Cust. Ct. 488, Abstract 69651, the items marked "A" and initialed LG by Import Specialist Louis Golmitz on the invoices accompanying the entries covered by the protests listed in schedule "A" are properly dutiable at the rate of 12½ per centum ad valorem under the provision in paragraph 339 of the Tariff Act of 1930, as modified by T.D. 54108, for household utensils, not specially provided for, in chief value of brass. To the extent indicated, the protests listed in schedule "A" are sustained.

(2) In accordance with the cited decision in *Hancock Gross Mfg., Inc.* v. *United States*, 60 Cust. Ct. 558, C.D. 3459, the strainer-stoppers are separate entities rather than entireties with the bases. Since the parties have agreed that the appraisement of the items marked "B" on the invoices was predicated on the basis that the strainer-stoppers and bases constituted an entirety, and that no separate values for the strainer-stoppers and the bases were returned by the customs officials, the appraisement of said items marked "B" is invalid and the liquidation premature and a nullity. The protests listed in schedule "B" are, to the extent indicated, likewise premature and are, therefore, dismissed. Pursuant to 28 U.S.C. § 2636(d), the protests listed in schedule "B" are remanded for further proceedings to a single judge sitting

in reappraisement to determine the separate dutiable values of the strainer-stoppers and the bases in the manner provided by law.

Judgment will be rendered accordingly.