ROSS TRADING CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–5–00649

Before DiCARLO, *Judge.*

(Decided September 5, 1986)

*Glad, White & Ferguson (Steven B. Lehat)* for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice (*Kenneth N. Wolf*), for defendant.

### MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge:* Plaintiff challenges the United States Customs Service (Customs) classification of merchandise from Taiwan invoiced as "oak toilet seats with brass hardware," under item 206.98 of the Tariff Schedules of the United States (TSUS) as "Household utensils * * * not specially provided for, of wood: * * * Other." Plaintiff contends that the toilet seats are properly classifiable under item 727.40, TSUS, as "Furniture, and parts thereof, not specially provided for: Of wood: * * * Parts of furniture," or alternatively under item 207.00, TSUS, as "Articles not specially provided for, of wood."

Plaintiff moves and defendant cross-moves for summary judgment. Since there is no genuine issue as to any material fact, disposition by summary judgment is appropriate. Plaintiff's motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied.

The parties agree that toilet bowls are fixtures. Plaintiff says that since toilet seats are integral parts of toilet bowls, they also are fixtures and cannot be classified as household utensils since the court in *U. Fujita & Co.* v. *United States*, 26 CCPA 63, 65, T.D. 49611 (1938), held that the term "household utensils" does not include fixtures.

The question presented is whether wooden toilet seats are fixtures or parts of fixtures, and if so, whether that status precludes their classification as "household utensils" under item 206.98, TSUS.

The courts have long held that fixtures are not classifiable as utensils. In *Fensterer & Ruhe* v. *United States*, 5 Ct. Cust. App. 61, 61–62, T.D. 34096 (1914), the Court of Customs Appeals held that a gas burner was not a utensil since it was part of a fixture:

> Two things will be noted: First that this article before being susceptible of use must be fixed to a gas pipe; secondly, it is not complete in itself and forms no utensil or implement adapted to use * * *. *It is a part of a fixed device not complete in itself and which, when completed, would not be used as an implement or*

*utensil in the ordinary sense in which those words are employed, but would be more in the nature of a fixture* [emphasis added] * * *.

In *Fujita, supra,* the Court of Customs and Patent Appeals held that door knockers were not utensils. The court stated:

The term "utensil" might be said to be sufficiently broad to include door knobs. However, door knobs are designed to be, and, when in use, are, permanently attached to doors. They are, therefore, fixtures, and as such, a part of the house or realty.

26 CCPA at 66.

In a later case, the Court of Customs and Patent Appeals cited with favor the holding in *Fujita* but held that water mixers, articles which fit over hot and cold spigots and provide a single water outlet, were utensils and not fixtures. *Davies, Turner & Co v. United States,* 47 CCPA 129, C.A.D. 744 (1960). The Court reasoned that the articles "do not become permanently attached to" the sink, "but quite to the contrary, they are made to be attached and detached with ease and without skill." *Id.* at 130, 133.

Defendant cites *New York Merchandise Co. v. United States,* 62 Cust. Ct. 674, C.D. 3847 (1969), where articles such as tie racks, coat hangers, toilet paper holders, soap dishes and towel racks, bars and rings were held to be household utensils even though most of the articles required attachment to a wall or structure to fulfill their useful purpose. The Court said: "The mere fact * * * that an article cannot function by itself or without being attached to a fixture does not preclude such article from being classified as a utensil." *Id.* at 678.

Defendant also relies on *Davies, Turner & Co. v. United States,* 55 Cust. Ct. 488, Abs. 69651 (1965), where sink strainers were held to be household utensils. The Court stated: "The fact that the sink strainers * * * function only when inserted in sinks does not preclude them from being household utensils." *Id.* at 491.

The authorities cited by defendant are inapposite. Articles such as tie racks in *New York Merchandise* may not be functional before their permanent attachment to walls, but walls are complete and functional before tie racks are affixed. Such devices are "articles of utility which, although attached to houses and used in the household only where attached, retain their status as personalty and are not to be regarded as a part of the realty." *Fujita,* 26 CCPA at 66. *Davies, Turner & Co.,* 55 Cust. Ct. 488, is distinguishable, since sink strainers are not permanently attached to the realty, but "are removed frequently in the course of their use." *Id.* at 488.

The Court finds that toilet seats, although removeable, "are designed to be, and, when in use, are, permanently attached to" the realty. *See Fujita, supra* at 66. They form an integral and necessary part of toilet bowl fixtures. Therefore the toilet seats are parts of fixtures and cannot be classified as household utensils.

Since the presumption of correctness of Customs classification has been overcome, the Court now must determine the correct classification of the merchandise. *Jarvis Clark Co.* v. *United States,* 773 F.2d 873 *reh'g denied,* 739 F.2d 628 (Fed. Cir. 1984).

Plaintiff's argument that the articles are "parts of furniture" is misplaced. In order for toilet seats to be parts of furniture, it is necessary for toilet bowls to be "furniture" under headnote 1 to Schedule 7, Part 4, Subpart A, which states in part:

> For the purposes of this subpart, the term "furniture" * * * does not include—
> * * *
> (ii) articles of concrete, of stone, or of ceramic ware (see parts 1 and 2 of schedule 5).

Plaintiff acknowledges:

> That [toilet bowls] are invariably in chief value of ceramic ware or metal, and *specifically* provided for as sanitary ware in Schedule 5, Part 2, and Schedule 6, Part 3, shows Congressional intent to exclude them from classification as furniture.

Plaintiff's memorandum at 4 (emphasis in original). Plaintiff offers no support for its argument that despite the exclusion of toilet bowls from classification as furniture, toilet seats of wood "when separately imported, properly remain furniture parts." Plaintiff's memorandum at 5. The Court holds that toilet bowls do not come within the meaning of the term "furniture" under Schedule 7, Part 4, Subpart A, and therefore the merchandise is not classifiable as "parts of furniture" under item 727.40, TSUS.

Plaintiff alternatively argues that the merchandise is classifiable under item 207.00, TSUS, as articles not specially provided for, of wood. Headnote 1 to Schedule 2, Part 1, Subpart F, which contains that provision, states: "This subpart covers all products of wood which are not provided for elsewhere in the tariff schedules." Defendant agrees that the toilet seats are described by item 207.00, TSUS, but says that provision controls only if the merchandise is not covered by items 206.98 or 727.40, TSUS, or any other tariff provision.

The Court has examined the tariff schedules and finds no provision for sanitary ware or parts thereof, of wood, or any other provision which more specifically describes the merchandise. Since the Court holds that the merchandise is not more specifically described under items 206.98 or 727.40, TSUS, or under any other provision in the tariff schedules, the Court holds that the merchandise is classifiable under item 207.00, TSUS. Judgment will be entered accordingly. So ORDERED.